# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH MALDONADO,<br>    Petitioner<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent | No. 1:16-cr-284-1<br><br>(Judge Kane) |

## MEMORANDUM

Presently before the Court is pro se Petitioner Joseph Maldonado ("Petitioner")'s motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 57.) For the following reasons, the Court will deny Petitioner's § 2255 motion.

## I.  BACKGROUND

On September 28, 2016, Petitioner was charged by indictment with two (2) counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e). (Doc. No. 1.) Petitioner subsequently entered into a plea agreement with the Government. (Doc. No. 33.) The plea agreement called for Petitioner to plead guilty to Count I of the indictment. (Id. ¶ 1.) On June 6, 2017, Petitioner appeared before Magistrate Judge Carlson for a change of plea hearing. (Doc. No. 43.) Magistrate Judge Carlson concluded that Petitioner was fully competent to enter an informed plea and understood the consequences of his plea, that he was pleading guilty knowingly and voluntarily, and that the plea was supported by an independent basis in fact. (Id.) On that date, Magistrate Judge Carlson recommended that this Court accept Petitioner's guilty plea (id.), and on June 21, 2017, the Court accepted Petitioner's guilty plea (Doc. No. 44). On October 17, 2017, the Court sentenced Petitioner to a term of imprisonment

of one hundred eighty (180) months, to be followed by a term of supervised release of five (5) years. (Doc. No. 53.)[1]

On October 26, 2018, Petitioner, proceeding pro se, filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 57.) After Petitioner completed a notice of election form indicating that he wished to have the Court rule on his § 2255 petition as filed (Doc. No. 59), the Government filed a brief in opposition to the motion on January 31, 2019 (Doc. No. 62). Petitioner filed a traverse on April 9, 2019. (Doc. No. 65.) Accordingly, because Petitioner's § 2255 motion has been fully briefed, it is ripe for disposition.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the [C]ourt was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." See 28 U.S.C. § 2255(a). However, § 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing. See United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993) (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)). Rather, § 2255 is implicated only when the alleged error raises "a fundamental defect which inherently results in a complete miscarriage of justice." See Addonizio, 442 U.S. at 185.

---

[1] The judgment also set forth that "[i]t is the intention of the Court that [Petitioner] serve this sentence consecutive to any prison term that may be imposed on Dauphin County Docket Numbers 2446-2016 and 6793-2016 and concurrent with any prison term that may be imposed on Docket Numbers 868-2015 and 4684-2015." (Doc. No. 53 at 2.)

## III. DISCUSSION

In his § 2255 motion, Petitioner requests that the Court appoint counsel to represent him and file a supplemental brief, order an evidentiary hearing, vacate his sentence and order that he be resentenced, and grant him further relief as the Court deems fair and just, on the basis that Petitioner was denied his Sixth Amendment right to effective assistance of counsel at his sentencing hearing. (Doc. No. 57 at 2- 9.) Petitioner asserts four bases in support of the proposition that he was denied his Sixth Amendment right to effective assistance of counsel. (Id. at 2-9.) The Court will address each asserted basis for relief in turn.

### A. Legal Standard Applicable to an Ineffective Assistance of Counsel Claim

In order to establish entitlement to relief, a collateral attack of a sentence based upon a claim of ineffective assistance of counsel must meet a two-part test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). See George v. Sively, 254 F.3d 438, 443 (3d Cir. 2001). The first Strickland prong requires Petitioner to "establish first that counsel's performance was deficient." See Jermyn v. Horn, 266 F.3d 257, 282 (3d Cir. 2001). This prong requires Petitioner to show that counsel made errors "so serious" that counsel was not functioning as guaranteed under the Sixth Amendment. See id. To that end, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. See id. (citing Strickland, 466 U.S. at 688). However, "[t]here is a 'strong presumption' that counsel's performance was reasonable." See id.

Under the second Strickland prong, Petitioner "must demonstrate that he was prejudiced by counsel's errors." See id. This prong requires Petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." See id. (quoting Strickland, 466 U.S. at 694). Reasonable probability is defined

as "a probability sufficient to undermine confidence in the outcome." See id. (quoting Strickland, 466 U.S. at 694).

> B. **Counsel's Failure to Object to Petitioner's Armed Career Criminal Act (ACCA) Enhancement on the Basis that the Statute of the Predicate Convictions Is Indivisible**

Petitioner first asserts that he was denied his right to effective assistance of counsel because his counsel failed to object to the enhancement of his sentence pursuant to the Armed Career Criminal Act ("ACCA") based on three prior drug-related convictions in state court. (Doc. No. 57 at 3-5.) Petitioner contends that pursuant to Mathis v. United States, 136 S. Ct. 2243 (2016), the statute of Petitioner's prior convictions is indivisible, and, accordingly, those convictions cannot be the bases of an ACCA sentence enhancement because the Court must apply the categorical approach and "presume that the conviction[s] rested upon nothing more than the least of the acts criminalized." (Id. at 4-5.) (citing Moncrieffe v. Holder, 133 S. Ct. 1678, 1684 (2013)).

In response, the Government argues that Third Circuit precedent contradicts the legal principles underlying Petitioner's first asserted basis for relief—"that 35 [Pa. Cons. Stat.] § 780-113(a)(30) is an 'indivisible' statute" and "a conviction under that statute could never be an ACCA predicate." (Doc. No. 62 at 5-6.) The Government asserts that "[t]he Third Circuit unequivocally held that 35 Pa. C.S. § 780-113(a)(30) is a divisible statute" in United States v. Abbott, 748 F.3d 154, 156 (3d Cir. 2014), and reiterated in United States v. Bell, 728 F. App'x 157, 159 (3d Cir. 2018), that the modified categorical approach was the appropriate method to determine whether a conviction under 35 Pa. C.S. § 780-113(a)(30) is a predicate conviction for purposes of the ACCA. (Id. at 6.) The Government contends that because the law on the subject

was clear, there was no basis for Petitioner's counsel to object to Petitioner's ACCA predicates, and Petitioner's counsel's performance, therefore, cannot be deemed deficient. (Id. at 7.)

The three predicate convictions that served as the basis for Petitioner's sentencing enhancement pursuant to the ACCA were convictions under 35 Pa. Cons. Stat. § 780-113(a)(30). (Doc. No. 49 ¶¶ 24, 32, 35, 36.) "[T]he Third Circuit has held . . . that 35 [Pa. Cons. Stat.] § 780-113(a)(30) is a divisible statute and that the use of the modified categorical approach is proper when determining whether a prior conviction thereunder is a predicate offense under the ACCA." United States v. Sunday, 315 F. Supp. 3d 855, 863 (W.D. Pa. 2018) (citing Abbott, 748 F.3d at 156); see also Bell, 728 F. App'x at 159 (citing Abbott, 748 F.3d at 156) ("[W]e apply the 'modified categorical approach' when determining whether a conviction under [35 Pa. Cons. Stat. § 780-113(a)(30)] is a 'serious drug offense' that counts as a predicate conviction under the ACCA . . ."). Any argument by Petitioner's counsel otherwise would have been meritless, and "counsel cannot be deemed ineffective for failing to raise a meritless claim." See Werts v. Vaughn, 228 F.3d 178, 203 (3d Cir. 2000). Accordingly, Petitioner is not entitled to relief on this basis.

### C. Counsel's Failure to Obtain Petitioner's State Court Records in Order to Challenge Petitioner's Prior Convictions Under the Modified Categorical Approach

Petitioner next asserts that he was deprived of his right to effective assistance of counsel because even if the Court concludes that the modified categorical approach applies to Petitioner's predicate convictions, his counsel failed to obtain the underlying state court records pertaining to those convictions in order to challenge the Court's reliance on those convictions as predicate convictions for purposes of the sentencing enhancement. (Doc. No. 57 at 6-7.) Petitioner argues that based on the charging papers and plea colloquy relating to his underlying

state convictions, he did not "admit to anything more than delivery of a controlled substance or conspiracy to deliver a controlled substance." (Id. at 6.)

The Government argues, in response, that because the presentence report ("PSR") indicates that Petitioner's prior convictions under 35 Pa. Cons. Stat. § 780-113(a)(30) involved cocaine (Petitioner's first conviction) and heroin (Petitioner's second and third convictions) and, therefore, carried maximum possible sentences of 15 years, those convictions qualify as ACCA predicate convictions. (Doc. No. 62 at 7-8.) The Government contends that, therefore, Petitioner must establish that the PSR was incorrect in order to establish an ineffective assistance of counsel claim. (Id. at 8.) The Government asserts that because the documents related to Petitioner's underlying convictions, including the bills of information, indicate that the PSR was correct as to the identity of the controlled substances involved in each conviction, "it is irrelevant . . . whether [Petitioner's] defense counsel searched for his court records . . . as the outcome would not have changed in any way." (Id. at 8-9.)

As noted by the Government, the PSR indicates that Petitioner had at least three ACCA predicate convictions: (1) a conviction for violating 35 Pa. Cons. Stat. § 780-113(a)(30) involving cocaine (Dauphin County No. 1774-2004); (2) a conviction for violating 35 Pa. Cons. Stat. § 780-113(a)(30) involving heroin (Dauphin County No. 104-2008); and (3) another conviction for violating 35 Pa. Cons. Stat. § 780-113(a)(30) involving heroin (Dauphin County No. 105-2008).[2] (Doc. No. 49 ¶¶ 24, 32, 35, 36.) When determining whether a conviction under 35 Pa. Cons. Stat. § 780-113(a)(30) is a predicate conviction for purposes of the ACCA, the

---

[2] Convictions under 35 Pa. Cons. Stat. § 780-113(a)(30) involving cocaine or heroin qualify as ACCA predicate convictions. See United States v. Thomas, No. 03-cr-98, 2016 WL 7392232, at *3 (W.D. Pa. Dec. 21, 2016) (citing United States v. Henderson, 841 F.3d 623, 632 (3d Cir. 2016); 18 U.S.C. § 924(e)(2)(A)(ii)).

Court "may look to 'the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.'" See United States v. Bell, 728 F. App'x 157, 159 (3d Cir. 2018) (citing Shepard v. United States, 544 U.S. 13, 26 (2005); United States v. Tucker, 703 F.3d 205, 210 (3d Cir. 2012)). The Court may also look to the bill of information to make such a determination. See id. at 159-60 (citing Tucker, 703 F.3d at 215). The bills of information associated with each of the three identified predicate convictions confirm that the drugs involved with the convictions were cocaine (No. 1774-2004) (Doc. No. 62-1 at 1) and heroin (Nos. 104-2008, 105-2008) (Doc. Nos. 62-2 at 1, 62-3 at 1), and, therefore, the convictions were properly deemed ACCA predicates. Thus, regardless of whether Petitioner's counsel searched for or obtained the records relating to those convictions, there is no reasonable probability that the outcome in question—the Court deeming the convictions in question ACCA predicates—would have changed. See Jermyn, 266 F.3d at 282 (quoting Strickland, 466 U.S. at 693) ("The petitioner must show that 'there is a reasonable probability that, but for [his] counsel's unprofessional errors, the result of the proceeding would have been different.'"). Accordingly, Petitioner is not entitled to relief on this basis.

### D. Counsel's Failure to Object to Petitioner's Armed Career Criminal Act (ACCA) Enhancement on the Basis that 35 Pa. Cons. Stat. § 780-113(a)(30) Sweeps Too Broadly

Petitioner further argues that he was deprived of his right to effective assistance of counsel because his counsel failed to object to his prior state convictions under 35 Pa. Cons. Stat. § 780-113(a)(30) serving as the predicate offenses for an ACCA enhancement to his sentence on the basis that 35 Pa. Cons. Stat. § 780-113(a)(30) "criminalizes a greater [swath] of conduct than the elements of the ACCA offense" and, therefore, "[cannot] serve as a predicate offense under

7

the ACCA provision." (Doc. No. 57 at 7-8.) Petitioner compares § 780-113(a)(30) to the Texas statute at issue in United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016), which the Fifth Circuit determined could not serve as a predicate offense for the career-offender enhancement. (Id.) In response, the Government asserts that the Third Circuit has already rejected such an argument, and, accordingly, Petitioner's counsel cannot be considered deficient for failing to raise it. (Doc. No. 62 at 9.)

Indeed, the Third Circuit has rejected the argument that Petitioner asserts his counsel failed to pursue. See United States v. King, 762 F. App'x 91, 95 (3d Cir. 2019) (rejecting the assertion that § 780-113(a)(30) "sweeps too broadly, encompassing mere offers to sell controlled substances" and holding that § 780-113(a)(30) convictions "were appropriately classified as predicate offenses for the ACCA"); see also United States v. Glass, 904 F.3d 319, 324 (3d Cir. 2018) (holding that "because § 780-113(a)(30) does not sweep more broadly than § 4B1.2, it is a 'controlled substance offense' and may serve as a predicate offense" in the § 4B1.2 career-offender context). Accordingly, had Petitioner's counsel made the argument that Petitioner contends she should have, such an argument would have been meritless, and "counsel cannot be deemed ineffective for failing to raise a meritless claim." See Werts, 228 F.3d at 203. Thus, Petitioner is not entitled to relief on this basis.

E. **Counsel's Failure to Object to the Court Ordering Petitioner's Sentence Be Served Consecutive to a Not-Yet-Imposed State Sentence**

Finally, Petitioner asserts that he was deprived of his right to effective assistance of counsel because his counsel failed to object to the Court ordering Petitioner's sentence to run consecutive to any term of imprisonment imposed in a pending state court case (Dauphin County No. 2446-2016). (Doc. No. 57 at 8-9.) In support of his contention, Petitioner cites §5G1.3(c) of the U.S. Sentencing Guidelines and a Second Circuit case, United States v. Olmeda, 894 F.3d 89

8

(2d Cir. 2018). (Id. at 9.) In response, the Government asserts that because the conduct underlying the Dauphin County charges (No. 2446-2016) are unrelated to the instant case and the Court made clear that it had considered the 3553(a) factors prior to issuing its sentence, there was no basis for Petitioner's counsel to object to the sentence. (Doc. No. 62 at 10-11.)

Section 5G1.3(c) of the U.S. Sentencing Guidelines provides, in relevant part, that "[i]f . . . a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction . . . the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment." See U.S.S.G. § 5G1.3(c). "Relevant conduct" includes "all acts or omissions committed[] . . . by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." See U.S.S.G. § 1B1.3(a)(1); see also United States v. Ward, No. 19-10470, 2019 WL 6461259, at *5 (11th Cir. Dec. 2, 2019) (per curiam) ("We have observed that '[s]ections 5G1.3 and 1B1.3 interact to protect a criminal defendant from duplicative prosecutions.' Through these provisions, the guidelines 'seek to provide one, uniform punishment for the same criminal activity.'" (alteration in original) (quoting United States v. Bidwell, 393 F.3d 1206, 1210 (11th Cir. 2004))). As noted in the PSR, the conduct pertaining to the charges asserted in the case identified by Petitioner (No. 2446-2016) is unrelated to the instant case. (Doc. No. 49 ¶ 47.) Accordingly, there is no merit to the argument that U.S.S.G. § 5G1.3(c) prohibits the Court from ordering that its imposed sentence run consecutive to any imposed sentence in the pending Dauphin County case (No. 2446-2016), and "counsel cannot be deemed ineffective for failing to raise a meritless claim." See Werts, 228 F.3d at 203. Thus, Petitioner is not entitled to relief on this basis.

### F. Evidentiary Hearing and Appointment of Counsel

Petitioner' § 2255 motion requests that the Court hold an evidentiary hearing. (Doc. No. 57 at 9.) Section 2255(b) advises that a petitioner may be entitled to a hearing on his motion. The decision to hold a hearing is wholly within the discretion of the district court. See Gov't of V.I. v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Gov't of V.I. v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985). Here, as discussed above, the Court finds that "the motion and files and records of this case show conclusively that the movant is not entitled to relief." See United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005) (quoting Forte, 865 F.2d at 62). Accordingly, the Court finds no reason to hold an evidentiary hearing in this matter.

Petitioner also requests that the Court appoint him counsel. (Doc. No. 57 at 9.) District courts may appoint counsel for financially eligible defendants who pursue habeas relief pursuant to 28 U.S.C. § 2255. See Tabron v. Grace, 6 F.3d 147, 154-55 (3d Cir. 1993). However, appointment is not mandatory, and it must appear to the Court that the interests of justice require that counsel be appointed. See 18 U.S.C. § 3006A(a)(2)(B). Petitioner has presented thorough arguments in support of his motion, demonstrating his ability to proceed pro se, and his claims are not of an overly complex nature. Accordingly, the Court finds that the interests of justice do not require the appointment of counsel at this time. See, e.g., Ramirez-Enriquez v. United States, No. 12-cr-220-2, 2014 WL 2772131, at *2 (M.D. Pa. June 18, 2014) (denying the § 2255 petitioner's request for the appointment of counsel where the petitioner's "claims ha[d] not shown themselves to be overly complex" and the petitioner "ha[d] generally shown himself

capable of proceeding pro se" based on "his ability to prepare and submit briefs and legal arguments").

### G. Certificate of Appealability

In proceedings brought under § 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued. A court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, the Court concludes that jurists of reason would not disagree with the Court's assessment of Petitioner's claims. Accordingly, the Court will not issue a COA.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's § 2255 motion (Doc. No. 57). The Court will not conduct an evidentiary hearing and will not issue a COA. An appropriate Order follows.